IN THE UNITED STA[TES]
FOR THE NORTHER[N]
DALLAS

UNITED STATES OF AMERICA,

Plaintiff

v.

AMT CAPITAL, LTD.,

Defendant.

CASE NUMBER 1:06MS00562

JUDGE: Unassigned

DECK TYPE: Miscellanous

DATE STAMP: 12/12/2006

Civil Action No.
3:06-CV-1883-K

## CONSENT ORDER

Before this Court is the Application by the United States of America, on behalf of the United States Small Business Administration (SBA), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for AMT Capital, Ltd., a Texas limited partnership (AMT). The Court, being fully advised on the merits and having been informed that AMT has consented to the relief requested in the motion, hereby **ORDERS, DECREES AND ADJUDGES**:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court hereby assumes exclusive jurisdiction of AMT, and all of its assets, wherever located, and hereby appoints SBA as receiver (Receiver) of AMT to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of AMT's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of AMT under applicable state and federal law and by the Certificate of Limited Partnership Agreement and Limited Partnership Agreement, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. §754. The general partners, managers, directors, officers, employees, and agents of AMT are hereby dismissed. Such persons shall have no authority with respect to AMT's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of AMT and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys, and employees of AMT, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts, and all other instruments and papers of said partnership, and all other assets and property of the partnership, whether real or personal, upon receipt of instructions from the Receiver regarding the time and place of such production. AMT shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of AMT as well as the names, addresses, and amounts of claims of all known creditors of AMT. All persons having control, custody, or possession of any assets or property of AMT,

including AMT's former general partner and former management company, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors, and agents of AMT. All persons and entities owing any obligations or debts to AMT shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if AMT had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of AMT, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.  AMT's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, AMT's portfolio of small business concerns and banks or other financial institutions doing business with AMT and/or AMT's portfolio of small business concerns) shall answer to the Receiver under oath, pursuant to a Receiver's Notice or Subpoena, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to AMT. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property, or business assets of AMT, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to AMT, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents and submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.  The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy, or foreclosure actions, default proceedings, or any other proceedings involving AMT or any

assets of AMT, involving AMT or its present or past officers, directors, managers, or general partners, or the Receiver, which parties have sued or have been sued for, or in connection with, any action taken by AMT's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of AMT, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All pending civil legal proceedings, wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding involving AMT or any of its assets, or any action of any nature taken by AMT's present or past officers, directors, managers, or general partners, which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. AMT and its past and/or present directors, officers, managers, general partners, agents, employees, and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions, or causing any such action to be taken, which would dissipate the assets and property of

AMT to the detriment of the Receiver appointed in this cause, including but not limited to, destruction of partnership records, or which would violate Part A of Subchapter III of Chapter 14B the Small Business Investment Act of 1958, as amended, (SBIA), 15 U.S.C. Chapter 14B, Subchapter III, Part A, or the regulations promulgated thereunder, (Regulations), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of AMT, from SBA, up to $1,000,000.00, and is authorized to cause AMT to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent *per annum* and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of AMT, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including, without limitation, any claims of equity holders in AMT.

11. This Court determines and adjudicates that AMT has violated the capital impairment provisions of the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that AMT's license as an SBIC be revoked.

12. SBA is further entitled to a judgment against AMT in the total sum of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest

in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 thereafter.

SO ORDERED this 28th day of November 2006.

_____
UNITED STATES DISTRICT JUDGE
ED KINKEADE

**AGREED:**

UNITED STATES OF AMERICA
By and through its attorneys
RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
Tx Bar No. 13638020
1100 Commerce Street, Suite 300
Dallas, Texas 75242
214.659.8600
214.767.2916 (fax)
katherine.mcgovern@usdoj.gov

Attorneys for the United States on behalf of the Small Business Administration

AMT CAPITAL, LTD.
By and through its attorneys
THOMPSON & KNIGHT LLP

_____
JOHN S. BRANNON, ESQ.
THOMPSON & KNIGHT LLP
TX Bar No. 02895500
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
214.969.1505
214.999.1608
john.brannon@tklaw.com

Attorneys for Defendant,
AMT Capital, Ltd.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 06-562 |
| | § | 3-06CV1883-K |
| AMT CAPITAL, LTD | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

The United States of America, acting on behalf of its agency, the United States Small Business Administration (SBA), files its complaint against AMT Capital Ltd., a Texas limited partnership (AMT), pursuant to the Small Business Investment Act (Act), 15 U.S.C. § 687c.

Due to AMT's violations of the Act set forth herein, the United States makes application under Section 311 of the Act for entry of preliminary and permanent injunctions and for appointment of the SBA as receiver for all of AMT's assets. The United States also seeks entry of judgment against AMT arising from AMT's debt to the SBA in an amount not less than $ 20.3 million.

### I.

### PARTIES, JURISDICTION AND VENUE

1.  Jurisdiction is conferred on this Court by virtue of the Act, 15 U.S.C. §§ 687(d),

687c, 687h; and 28 U.S.C. § 1345. Venue is proper in this judicial district under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b) because the defendant conducts business in this judicial district.

2. Plaintiff is the United States of America acting on behalf of the SBA, whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

3. Defendant is AMT who currently maintains its principal place of business at 14241 Dallas Parkway, Suite 200, Dallas, TX 75254, and can be served there.

## II.
## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. AMT was licensed by SBA as a Small Business Investment Company (SBIC) on October 7, 1991, SBA License No. 06/06-0304. Pursuant to Section 301(c) of the Act, *supra*, in becoming a SBIC licensee, AMT agreed that it would solely do business under the provisions of the Act and the Regulations promulgated thereunder.

6. Defendant's General Partner is AMT Capital G.P., Inc., a Delaware corporation, which maintains its principal place of business at 14241 Dallas Parkway, Suite 200, Dallas TX 75254.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of

**Complaint for Injunctive and Other Relief - Page 2**

SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (Regulations).

8. AMT's Agreement of Limited Partnership expressly incorporates the Act and the Regulations.

9. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to this authority, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $19,500,000, as follows:

   a. No. 04652551-05 in the amount of $2,000,000;
   b. No. 04652552-03 in the amount of $1,000,000;
   c. No. 04652553-01 in the amount of $1,000,000;
   d. No. 04652554-10 in the amount of $1,000,000;
   e. No. 04660451-03 in the amount of $1,000,000;
   f. No.04660452-01 in the amount of $1,000,000;
   g. No. 04660453-10 in the amount of $500,000;
   h. No. 04660454-08 in the amount of $500,000;
   i. No. 04660455-06 in the amount of $1,000,000;
   j. No. 04660456-04 in the amount of $500,000;
   k. No. 04660457-02 in the amount of $500,000;
   l. No. 04660458-00 in the amount of $500,000;
   m. No. 04660459-09 in the amount of $500,000;
   n. No. 04660460-01 in the amount of $500,000;

o.    No. 04660461-10 in the amount of $500,000;

p.    No. 04660462-08 in the amount of $500,000;

q.    No. 04660463-06 in the amount of $250,000;

r.    No. 04660464-04 in the amount of $250,000;

s.    No. 04660465-02 in the amount of $250,000;

t.    No. 04660466-00 in the amount of $250,000;

u.    No. 04660467-09 in the amount of $250,000;

v.    No. 04660468-07 in the amount of $250,000;

w.    No. 04660469-05 in the amount of $250,000;

x.    No. 04660470-08 in the amount of $250,000;

y.    No. 04660471-06 in the amount of $250,000;

z.    No. 04660472-04 in the amount of $250,000;

aa.    No. 04670251-10 in the amount of $500,000;

bb.    No. 04670252-08 in the amount of $250,000;

cc.    No. 04670253-06 in the amount of $250,000;

dd.    No. 04670254-04 in the amount of $250,000;

ee.    No. 04670255-02 in the amount of $250,000;

ff.    No. 04670256-00 in the amount of $500,000;

gg.    No. 04670257-09 in the amount of $500,000;

hh.    No. 04670258-07 in the amount of $500,000;

ii.    No. 04670259-05 in the amount of $500,000;

jj.    No. 04670260-08 in the amount of $250,000;

kk.    No. 04670261-06 in the amount of $250,000;

ll.    No. 04670262-04 in the amount of $250,000;

mm.    No. 04670263-02 in the amount of $250,000.

11.    As of July 13, 2006, Defendant was indebted in the amount of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest in the

amount of $1,016,187.04, with a per diem rate of $3,236.28.

12. The Debentures described in paragraph 10 above, are subject to, and incorporated by reference, the Regulations, including but not limited to the provisions of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

13. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as AMT may be forfeited and the company may be declared dissolved.

14. Section 311 of the Act, 15 U.S.C. §687c, provides that if SBA makes a determination that a Licensee such as AMT, or any other person, has engaged in or is about to engage in any acts or practices which constitutes or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application to federal district court for an injunction (Section 311 Application).

15. Upon the filing of such Section 311 Application, the Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. Section 311 of the Act authorizes the Court to appoint SBA to act as receiver for such Licensee.

### III.
### COUNT ONE

## CAPITAL IMPAIRMENT

16. Paragraphs 1 through 15 are incorporated by reference as though fully set forth herein.

17. Section 107.1810(g) of the Regulations, 13 C.F.R. § 107.1810(g) (2004), which governs the Debentures, provides that the entire indebtedness, and/or the principal amount, of an SBIC's debentures may be declared due and payable on the happening of certain events of default, as described in that regulation.

18. Section 107.1810(f)(5) of the Regulations, 13 C.F.R. § 107.1810(f)(5) (2003), provides that a condition of capital impairment is an event of default with opportunity to cure.

19. Section 107.1830 of the Regulations, 13 C.F.R. § 107.1830, further provides that a Licensee, such as Defendant, has a condition of Capital Impairment if its capital impairment percentage is greater than 50%.

20. By letter dated June 29, 2005, SBA informed Defendant that, based upon an SBA Form 468 submitted by Defendant for the period ending March 31, 2004, Defendant had a capital impairment percentage of 87.8%, which percentage constituted an event of default with opportunity to cure under 13 C.F.R. § 107.1810(f) (2001).

21. That same letter gave AMT fifteen (15) days, or until July 14, 2005, to cure its condition of capital impairment.

22. AMT has failed to cure its condition of capital impairment.

**Complaint for Injunctive and Other Relief - Page 6**

23. In accordance with 13 C.F.R.§107.1810, by letter dated August 19, 2005, SBA accelerated the indebtedness evidenced by the Debentures and made demand for payment in full, totaling $20,102,781.92 comprised of $19,500,000.00 in principal, $602,781.92 in interest, with a per diem rate of $3,276.00 as of August 19, 2005.

24. On or about August 24, 2005 Defendant made a payment to SBA in the amount of $800,000.00. SBA applied the payment first to accrued interest with the remaining balance applied to principal.

25. Defendant remains capitally impaired in violation of 13 C.F.R.§107.1810(f)(5).

26. As of July 13, 2006, Defendant was indebted to SBA for the total sum of $20,315,932.00 including principal of $19,299,744.96 and accrued interest and fees in the amount of $1,016,187.04 with a per diem interest rate of $3,236.28.

27. As a consequence of Defendant's violation of 13 C.F.R.§§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C.§§687(d) and 687c, including the appointment of SBA as Receiver of AMT, and is also entitled to judgment in the amount of $20,315,932.00 including principal in the amount of $19,299,744.96 and accrued interest in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 for each day thereafter until the date judgment is entered and post judgment interest thereon.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

Complaint for Injunctive and Other Relief - Page 7

A.  That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on AMT's behalf, or in concert or participation therewith, from:

    (1) making any disbursements of Defendant's funds;

    (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of AMT, wherever located; and

    (3) further violating the Act or the Regulations promulgated thereunder;

B.  That this Court determine and adjudicate AMT's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.  That this Court take exclusive jurisdiction of AMT and all of its assets, wherever located, and appoint SBA as permanent, liquidating receiver of AMT for the purpose of liquidating all of AMT's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to AMT against third parties, as appropriate;

D.  That this Court render Judgment in favor of SBA and against AMT in the amount of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 up to the date of entry of judgment, plus post judgment interest pursuant to 28 U.S.C. §1961 as of the date judgment is entered; and

E.   That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
TX Bar No. 13638020
1100 Commerce Street, Rm 300
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.2916
Email: katherine.mcgovern@usdoj.gov

**OF COUNSEL:**
WILLIAM L. GERY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
202.401-2803
202.481.0324 (fax)
Email: william.gery@sba.gov